Hay, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the United States the sum of about $53,000, which it claims was improperly withheld from it by reason of the application of land-grant freight rates to shipments on Govermnent bills of lading.
The gravamen of the plaintiff’s complaint is that the property which was shipped over its lines was not Government property, but was property belonging to private persons, and was therefore not subject to land-grant deductions. The evidence in the case discloses that in every in *575 stance the property belonged to the Government, and therefore the plaintiff is not entitled to recover.
As to two items of the claim amounting to $334.75, the difference between 50 per cent and 100 per cent land-grant on Government property transported over its two lines of railway from Hastings to Ortonville and Houston to Airlie in the State of Minnesota, it is contended by the plaintiff that it only ought to be charged with 50 per cent land-grant, whereas it has been charged with 100 per cent land-grant deduction.
The act under which the two lines referred to received Government aid to lands reads as follows: “ That said railroad shall be and remain a public highway for the use of the Government of the United States free of all toll or other charge upon the transportation of any property or troops of the United States, and the same shall at all times be transported at the cost, charge, and .expense in all respects of the company or corporation, or their successors or assigns having or receiving the benefits of the land grants herein made.” Act of Congress, approved July 4,1866,14 Stat. 88.
Under the provisions of this statute Government property was to be transported over these roads free of charge. ' It does not appear that Congress has since the enactment of this law passed any statute which will relieve the plaintiff from its obligation to transport Government property free of charge. It is true that the plaintiff refers us to an act approved October 6, 1917, 40 Stat. 361, which might be construed to relieve the plaintiff of its obligation if the shipments in question had been made during the emergency for which the act provided, but the shipments were made long before that time, and the act expressly provides that it “ shall not be construed as changing in any other way or for any other period of time the rights and duties of the land-grant railroads.”
The plaintiff also refers to the transportation act of February 28, 1920, 41 Stat. 456. The petition of the plaintiff was filed October 29, 1917, and all the transactions, and the claims arising from them, were had prior to the passage of the act. The act of 1920 can not be invoked on behalf of claims arising long befqre the passage of the act.
*576 In view of what has been said it is hardly necessary to refer to the fact that the bills of the plaintiff were presented to the officers of the Government with land-grant deductions, were paid as presented, and payment of the same was accepted by the' plaintiff without protest. It is not perceived how the plaintiff can now reopen this question of payment, even though the property transported was not the property of the Government, or how if it were not property of the Government the latter could be made liable at all for its transportation without affirmative proof that some agent of the Government was authorized to create a liability for the transportation of property not belonging to the Government.
The petition of the plaintiff must be dismissed. It is so ordered.
Geaham, Judge,; Downey. Judge; and Campbell, Chief Justice, concur.